# UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES of AMERICA,** ) | |
| ) | |
| **Plaintiff** ) | |
| ) | **Case No. 93-20069-JWL** |
| ) | |
| **v.** ) | |
| ) | |
| **DONALD ALTON HARPER,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |
| ) | |
| ) | |

## MEMORANDUM & ORDER

Defendant Donald Harper, proceeding pro se, has filed what he styled as a Motion for Judgment as a Matter of Law pursuant to Federal Rule of Civil Procedure 50 ("Motion"). In his Motion (doc. #133) Mr. Harper challenges the legality of his detention. Such a challenge, however, must be brought pursuant to 28 U.S.C. § 2255. *U.S. v. Patrick*, 2008 WL 324226, *1 (10th Cir. Feb. 6, 2008). The court has examined Mr. Harper's Motion and concludes it is appropriately construed as a Motion to Vacate, Set Aside, or Correct his sentence pursuant to 28 U.S.C. § 2255. Mr. Harper has filed five previous § 2255 motions, all of which were denied (docs. # 94, 107, 117, 121, and 132). The instant motion is a successive § 2255 motion and is also denied.

## DISCUSSION

### A.    MR. HARPER'S MOTION IS APPROPRIATELY CONSTRUED AS A 28 U.S.C. § 2255 MOTION.

Mr. Harper is unable to obtain relief on the basis of Rule 50 because it is, on its face, a rule of civil procedure and he is challenging his criminal conviction. Thus, the only basis on

which he might obtain relief is through a federal rule or statute pertaining to criminal law matters.  Here, Mr. Harper's Motion challenges the legality of his detention.  Such a challenge must be brought pursuant to § 2255 unless a remedy under § 2255 is inadequate or ineffective.  *Patrick*, 2008 WL 324226 at *1.  Mr. Harper does not allege that the remedy under § 2255 is inadequate or ineffective.  Therefore, it is proper to construe Mr. Harper's Rule 50 Motion as a motion brought pursuant to 28 U.S.C. § 2255.

### B.    SUCCESSIVE § 2255 MOTION STANDARD

A prisoner in custody may move to vacate, set aside or correct his sentence.  28 U.S.C. § 2255(a).  A prisoner is also permitted to file a second or successive § 2255 motion pursuant to certain limitations.  The authorization requirements of filing a second or successive § 2255 motion were adopted as part of the Antiterrorism and Effective Death Penalty Act of 1996.  When a successive § 2255 motion is filed in the district court without authorization by the court of appeals, the district court should transfer the motion to the court of appeals.  *Coleman v. United States*, 106 F.3d 339, 341 (10th Cir. 1997) (per curiam).  The statement that the district courts "should" transfer unauthorized successive § 2255 motions to the court of appeals does not *require* that the district courts do so in every case.  *In re Cline*, 2008 WL 2673263, *2 (10th Cir. July. 9, 2008) (emphasis added).  When a second or successive § 2255 motion is filed in the district court without the authorization of the court of appeals, the district court has two options on how it may proceed.  *Id.*  One, the district court may transfer the matter to the court of appeals if it determines that it is in the interest of justice to do so under 28 U.S.C. § 1631.  *Id*; 28 U.S.C. § 1631.  Two, the district court may dismiss the motion.  *See Cline*, 2008 WL 2673263 at *2.  Where a successive § 2255 motion fails on its face to satisfy the authorization standards of § 2255(h) and there is no risk that a meritorious successive § 2255 claim will be lost if the matter is not transferred the district court may dismiss the motion.  *Id.*  If the district court concludes

that the successive § 2255 motion was not made in good faith, it does not abuse its discretion if it determines that it is not in the interest of justice to transfer the matter to the court of appeals for authorization.  *Id* (noting that it is a waste of judicial resources to require the transfer of frivolous, time-barred cases (citing *Phillips v. Seiter*, 173 F.3d 609, 610 (7th Cir. 1999))).

### C.   MR. HARPERS MOTION MUST BE DISMISSED BECAUSE IT IS NOT IN THE INTEREST OF JUSTICE TO TRANSFER HIS MOTION TO THE TENTH CIRCUIT.

The phrase 'if it is in the interest of justice' has been interpreted to grant the district court discretion in making the decision whether to transfer an action or, instead, to dismiss the action. *Id*.

> Factors considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.

*Id*.

This is Mr. Harper's sixth petition for habeas corpus relief.  After Mr. Harper's fourth attempt to file a successive habeas petition he was warned that any further attempts without satisfying the requirements of § 2255 may result in sanctions.  *Harper v. United States*, No. 06-3303 (10th Cir. Oct. 30, 2006).  Mr. Harper's claim lacks merit and it is unlikely that his Motion was filed in good faith.  It is not in the interest of justice to transfer Mr. Harper's Motion to the Tenth Circuit.  *See Cline,* 2008 WL 2673263 at *2 (noting that it is not in the interest of justice to transfer when a plaintiff knew or should have known that he filed in the improper forum (citing *Phillips v. Seiter*, 173 F.3d 609, 610 (7th Cir. 1999))).

**D.     IN THE ALTERNATIVE,  MR. HARPER'S MOTION MUST BE DISMISSED BECAUSE HE FAILED TO SATISFY HIS BURDEN OF PROOF AND FAILED TO FILE HIS MOTION WITHIN THE STATUTORILY PERMITTED TIME PERIOD.**

A  prisoner who wishes to file a successive § 2255 motion has the burden of showing that he satisfies one of the two conditions set out in 28 U.S.C. § 2255(h).  Those conditions are as follows:  (1) the existence of newly discovered evidence that, if proved and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) the existence of a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Mr. Harper's Motion must be dismissed because he failed to meet his burden of proving that his claim is based upon either (1) newly discovered evidence or (2) a new rule of constitutional law that has recently become available.  *See Coleman* at 341 (denying authorization to file a second § 2255 motion because the movant failed to make the prima facie showing required by § 2255); *see also Brown v. Warden*, 315 F.3d 1268, 1270 (10th Cir. 2003) (refusing to certify a successive § 2255 motion because movant did not offer any newly discovered evidence nor cite any new rules of constitutional law).  A claim that is presented in a second or successive habeas corpus application under § 2255 that was presented in a prior application shall be dismissed.  28 U.S.C. § 2244(b)(1).  Mr. Harper has the burden of showing that he satisfies one of the two conditions set out in 28 U.S.C. § 2255(h) which would distinguish the present motion from previous § 2255 motions.  Because Mr. Harper has not met his burden the motion should be dismissed.

Mr. Harper's Motion also is dismissed because he failed to file his Motion within the statutorily permitted time period.  A one year statute of limitations applies to a motion under § 2255.  28 U.S.C. § 2255(f).  Because this is a successive § 2255 motion the one year period

begins running from the date on which the facts supporting his claims presented could have been discovered through the exercise of due diligence.  *Id*.  The instant motion raises no new arguments coming about through the discovery of new evidence, so the statute of limitations has expired.

## CONCLUSION

Mr. Harper's Motion challenges the legality of his criminal conviction and is, therefore, appropriately construed as a 28 U.S.C. § 2255 motion.  Mr. Harper's Motion must be dismissed because it is not in the interest of justice to transfer his Motion to the Tenth Circuit.  Mr. Harper's claim lacks merit and it is unlikely that the motion was filed in good faith.  In the alternative, Mr. Harper's Motion is dismissed because he failed to satisfy his burden of proof and the statute of limitations governing the motion has expired.

**IT IS THEREFORE ORDERED BY THE COURT** that Mr. Harper's Motion to Vacate under § 2255 is **DISMISSED**.

**IT IS SO ORDERED**.

Dated this  21st day of July, 2008.

s/ John W. Lungstrum

John W. Lungstrum
United States District Judge