IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,           )
                                    )
                    Plaintiff,      )
                                    )
         v.                         )        Case No. 93-20069-JWL
                                    )
DON ALTON HARPER,                   )
                                    )
                    Defendant.      )
                                    )
_____)

## MEMORANDUM AND ORDER

On November 28, 2007, defendant Donald Harper, proceeding pro se, filed a motion for relief from judgment. In his motion (Doc. 151), Mr. Harper says his request for relief should be granted pursuant to Fed. R. Crim. P. 48, 51, and 52. However, his petition should be properly construed as one to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Mr. Harper is again challenging the validity of his continued detention in light of what he considered were errors regarding the admissibility of testimony at his original trial. Mr. Harper has filed six previous § 2255 motions, all of which were denied (Docs. 94, 107, 117, 121, 132, and 133). The current motion is a successive § 2255 motion and is also denied.

## DISCUSSION

### A. MR. HARPER'S MOTION IS APPROPRIATELY CONSTRUED AS A 28 U.S.C. § 2255 MOTION.

Mr. Harper is unable to obtain relief on the basis of Fed. R. Crim. P. 48, 51, and 52 because they address dismissal of an indictment, preserving claimed error, and harmless and plain error respectively. These rules do not provide a basis to challenge the legality of a prisoner's detention as Mr. Harper does here. Such a challenge must be brought pursuant to § 2255 unless a remedy under § 2255 is inadequate or ineffective. *United States v. Patrick*, 264 Fed. App'x 693, 695 (10th Cir. 2008). Mr. Harper does not allege that the remedy under § 2255 is inadequate or ineffective. Therefore, it is proper to construe Mr. Harper's motion as a motion brought pursuant to 28 U.S.C. § 2255.

**B. SUCCESSIVE § 2255 MOTION STANDARD**

A prisoner in custody may move to vacate, set aside or correct his sentence. 28 U.S.C. § 2255(a). A prisoner is also permitted to file a second or successive § 2255 motion pursuant to certain limitations. In order to file a successive § 2255 motion, a petitioner must first move the court of appeals for an order authorizing the district court to hear the motion. When a successive § 2255 motion is filed in the district court without authorization by the court of appeals, the district court should transfer the motion to the court of appeals. *Coleman v. United States*, 106 F.3d 339, 341 (10th Cir. 1997) (per curiam). The statement that the district courts "should" transfer unauthorized successive § 2255 motions to the court of appeals does not *require* that the district courts do so in every case. *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (emphasis added). When a second or successive § 2255 motion is filed in the district court without the authorization of the court of appeals, the district court has two options on how it may

2

proceed.  *Id.*  One, the district court may transfer the matter to the court of appeals if it determines that it is in the interest of justice to do so under 28 U.S.C. § 1631.  *Id.* at 1251-52; 29 U.S.C. § 1631.  Two, the district court may dismiss the motion.  *See Cline*, 531 F.3d at 1251.  Where a successive § 2255 motion fails on its face to satisfy the authorization standards of § 2255(h) and there is no risk that a meritorious successive § 2255 claim will be lost if the matter is not transferred, the district court may dismiss the motion.  *Id.* at 1252.  If the district court concludes that the successive § 2255 motion was not made in good faith, it does not abuse its discretion if it determines that it is not in the interest of justice to transfer the matter to the court of appeals for authorization. *Id.* (noting it is a waste of judicial resources to require the transfer of frivolous, time-barred cases (citing *Phillips v. Seiter*, 173 F.3d 609, 610 (7th Cir. 1999))).

## C. MR. HARPER'S MOTION MUST BE DISMISSED BECAUSE IT IS NOT IN THE INTEREST OF JUSTICE TO TRANSFER HIS MOTION TO THE TENTH CIRCUIT.

The phrase "if it is in the interest of justice" has been interpreted to grant the district court the discretion in making the decision whether to transfer an action or, instead, to dismiss the action.  *Id.* at 1252-53.

> Factors considered in deciding whether a transfer is in the interest of justice include whether the claims would have been time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.

*Id.* at 1252 (citing *Trujillo v. Williams*, 465 F.3d 1210, 1233 n.16 (10th Cir. 2006)).

This is Mr. Harper's seventh petition for habeas corpus relief.  After Mr. Harper's

fourth attempt to file a successive habeas petition, he was warned that any further attempts without satisfying the requirements of § 2255 may result in sanctions. *Harper v. United States*, No. 06-3303 (10th Cir. Oct. 30, 2006). The Tenth Circuit warned Mr. Harper again after its denial of his sixth attempt to invoke § 2255 relief that any further frivolous motions would lead to sanctions. *United States v. Harper*, 545 F.3d 1230, 1234 (10th Cir. 2008). Specifically the Tenth Circuit wrote: "We caution Mr. Harper that we will not be inclined to issue another warning, and that he should expect that future frivolous motions will lead to sanctions." *Id.* (citing *Gresham v. Miles*, 2003 WL 22903009, at *1 (5th Cir. 2003)). Mr. Harper's current claim lacks merit and it is unlikely that his Motion was filed in good faith. It is not in the interest of justice to transfer Mr. Harper's motion to the Tenth Circuit. *See Cline*, 531 F.3d at 1252 (noting it is not in the interest of justice to transfer when a plaintiff knew or should have known that he filed in the improper forum (citing *Trujillo*, 465 F.3d at 1223 n.16)).

**D. IN THE ALTERNATIVE, MR. HARPER'S MOTION MUST BE DISMISSED BECAUSE HE FAILED TO SATISFY HIS BURDEN OF PROOF AND FAILED TO FILE HIS MOTION WITHIN THE APPROPRIATE STATUTORY PERIOD.**

A prisoner who wishes to file a successive § 2255 motion has the burden of showing that he satisfies one of the two conditions: either (1) the existence of newly discovered evidence that, if proved and view in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact-finder would have found the movant guilty of the offense; or (2) the existence of a new rule of

4

constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. *Harper*, 545 F.3d at 1232 n.1 (citing 28 U.S.C. § 2255(h)).

Mr. Harper's motion must be dismissed because he failed to meet his burden of proving that his claim is based upon either (1) newly discovered evidence or (2) a new rule of constitutional law that has recently become available. *See Coleman*, 106 F.3d at 341(denying authorization to file a second § 2255 motion because the movant failed to make the prima facie showing required by § 2255); *see also Brown v. Warden*, 315 F.3d 1268, 1270 (10th Cir. 2003) (refusing to certify a successive § 2255 motion because the movant did not offer any newly discovered evidence nor cite any new rules of constitutional law). A claim that is presented in a second or successive habeas corpus application under § 2255 that was presented in a prior application shall be dismissed. 28 U.S.C. § 2255(b)(1). Mr. Harper has the burden of showing that he satisfies one of the two conditions set out in 28 U.S.C. § 2255(h) which would distinguish the present motion from previous § 2255 motions. Because Mr. Harper has not met his burden, the motion should be dismissed.

Mr. Harper's motion also is dismissed because he failed to file his motion within the appropriate statutory time period. A one year statute of limitations applies to a motion pursuant to § 2255. 28 U.S.C. § 2255(f). Because this is a successive § 2255 motion that one year period begins running from the date on which the facts supporting his claims presented could have been discovered through the exercise of due diligence.

*Id.*  The current motion raises no new arguments coming about through the discovery of new evidence–in fact, Mr. Harper's motion continues to rest on claimed errors regarding the admissibility of trial testimony–therefore, the statute of limitations has expired.

## CONCLUSION

Mr. Harper's motion challenges the legality of his criminal conviction, and is, therefore, appropriately construed as a § 2255 motion.  Mr. Harper's motion must be **DISMISSED** because it is not in the interest of justice to transfer his motion to the Tenth Circuit.  Mr. Harper's claim lacks merit and it is unlikely that the motion was filed in good faith.  Alternatively, Mr. Harper's motion is dismissed because he failed to satisfy his burden of proof and the statute of limitations governing the motion has expired.  Further, as the Tenth Circuit has warned twice, future frivolous motions will lead to sanctions.  *See  Harper v. United States*, No. 06-3303 (10th Cir. Oct. 30, 2006); *United States v. Harper*, 545 F.3d at 1234.   Mr. Harper is hereby **WARNED** by this court that any further repetitious or frivolous filings, including those attempting to circumvent statutory restrictions on filing second or successive § 2255 motions, may result in the imposition of sanctions against him.

IT IS THEREFORE ORDERED BY THE COURT THAT Mr. Harper's motion (Doc. 151) is DISMISSED.

IT IS SO ORDERED.

Dated this _9[th] day of December, 2008, in Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge