# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

**United States of America,**

    **Plaintiff,**

v.                                                                                        Case No. 93-20069-JWL

**Donald Alton Harper,**

    **Defendant.**

## MEMORANDUM & ORDER

Defendant Donald Alton Harper was convicted in 1994 of armed bank robbery and carrying a firearm during and in relation to a crime of violence. Since that time, he has attempted to seek relief under 28 U.S.C. § 2255 from those convictions no less than twelve times. In light of Mr. Harper's continued, frivolous attempts to challenge his convictions, the Tenth Circuit recently issued an order that any future motion for authorization to file a successive § 2255 motion "shall be deemed denied on the thirtieth day following filing" unless otherwise ordered by the court. *United States v. Harper*, No. 13-3073 (10th Cir. April 16, 2013).

Perhaps to circumvent both the statutory restrictions on filing successive motions and the Circuit's sanction, Mr. Harper has now filed a Motion for Order (doc. 168) under Rule 60(b) in which he again challenges the validity of his convictions. Despite Mr. Harper's label, the motion is properly construed as a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. *See Robinson v. United States*, 2013 WL 5185119, at *3 (10th Cir. Sept. 17, 2013) (A Rule 60(b) motion must be treated as a successive § 2255 motion if it in substance or

effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction."). Because the motion constitutes a second or successive motion under § 2255, Mr. Harper must obtain authorization from the Tenth Circuit prior to filing it. *See* 28 U.S.C. § 2255(h). He has not shown that he obtained such authorization and, thus, this court lacks jurisdiction to consider Mr. Harper's motion. *United States v. Baker*, 718 F.3d 1204, 1206 (10th Cir. 2013). Thus, the court must either dismiss Mr. Harper's claim for lack of jurisdiction or transfer the motion to the Tenth Circuit for a determination whether to permit successive § 2255 proceedings. *See United States v. Harper*, 545 F.3d 1230, 1232 (10th Cir. 2008). The court should transfer such a motion to the Circuit only when it concludes that a transfer would be "in the interests of justice." *Id*.

The court declines to transfer Mr. Harper's motion to the Circuit as it is not in the interest of justice to do so. First, Mr. Harper is intimately familiar with the authorization process such that he clearly understands that this forum is not proper. *See In re Cline*, 531 F.3d 1249, 1251-52 (10th Cir. 2008) (suggesting that transfer to Circuit is inappropriate where petitioner realizes that forum is improper). Second, it is unlikely that Mr. Harper's claims have merit which further counsels against transfer. *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008). Specifically, he has not shown that his claims satisfy the requirements of § 2255(h). He has not directed the court to any newly discovered evidence or a new rule of constitutional law that would bear on Mr. Harper's convictions.[1]

---

[1] To the extent Mr. Harper seeks a "default judgment" against the government for its purported failure to respond to Mr. Harper's Motion for Order, that request is denied for a variety of reasons, including the fact that the government filed a timely response to the motion.

The court, then, dismisses this action for lack of jurisdiction; declines to transfer the action to the Tenth Circuit; and declines to issue a certificate of appealability as no reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Harper's Motion for Order (doc. 168) is construed as a motion for relief under 28 U.S.C. § 2255 and is dismissed for lack of jurisdiction. The court declines to transfer the action to the Tenth Circuit and declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Dated this 30th day of September, 2013, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge